UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.                                                                      Criminal No. 05-80955-01
                                                                        Civil No.  11-11022

TERRY LEE FLENORY,                                  HONORABLE AVERN COHN

      Defendant-Petitioner.

_____/

## MEMORANDUM AND ORDER
### DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. §2255
### AND
### DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

I.  Introduction

This is a pro se motion to vacate sentence under 28 U.S.C. § 2255.  Petitioner,

Terry Lee Flenory, contends that the 360 month sentence imposed on him following his

guilty plea to continuing criminal enterprise, in violation of 21 U.S.C. § 848, and

conspiracy to launder money instructions, in violation of 18 U.S.C. § 1956(h), was in

violation of his constitutional rights.  Specifically, Flenory contends that he was deprived

of his Sixth Amendment right to counsel at the trial and appellate level and that the

Supreme Court's decision in United States v. Santos, 128 S.Ct. 2020 (2008), holding

that "proceeds" as used in the money laundering statute means "net profits" rather than

"receipts" of an illegal enterprise, entitles him to relief.[1]  For the reasons that follow, the

motion will be denied.

## II.  Background

In 2005, Flenory was named in nine counts of a ten-count indictment for his role

in a large cocaine distribution ring.  Ultimately, Flenory pleaded guilty under a written

Fed. R. Crim. P. 11(c)(1)(C) plea agreement to two counts, noted above.  The plea

agreement specified a guidelines range of 360 months to life.  A probation officer

prepared a presentence report, recommending a 360 month sentence, to which Flenory

filed no objections.  Flenory's trial counsel did, however, file a sentencing memorandum,

urging a sentence below the guidelines range.  Following a sentencing hearing, the

Court sentenced Flenory to a cumulative term of 360 months of custody, to be followed

by five years of supervised release.  Flenory filed a timely notice of appeal.  On appeal,

Flenory's appellate counsel argued that his plea was not in compliance with Rule 11.[2]

Flenory presented a pro se argument, contending that the decision in Santos regarding

the money laundering statute warrants relief.  The Court of Appeals for the Sixth Circuit

affirmed Flenory's conviction and sentence because (1) Flenory waived his right to

---

[1]Flenory filed a lengthy reply brief.  (Doc. 1365).   It appears to discuss other issues, including the federal government's authority to bring changes against him in the first place.  The brief is rambling and includes, among other things, long recitations relating to The Federalist Papers and the Bill of Rights.  To the extent any relevant arguments can be discerned, the Court limits its analysis to the claims as set forth in the petition and considers the reply only as it may relate to those claims.

[2]Appellate counsel in the direct appeal filed a motion to withdraw and a brief under Anders v. California, 386 U.S. 738, 744 (1967), and Rule 101(f)(3), Rules of the Sixth Circuit, contending that there were no arguable issues on appeal.  The Sixth Circuit granted appellate counsel's motion.

appeal and (2) an independent review of the record reflected no basis for appeal.

United States v. Flenory, 08-2230 (6th Cir. June 17, 2009).  The Supreme Court denied

certiorari, Flenory v. United States, 130 S.Ct. 1928 (Mar. 22, 2010).  Flenory then filed

the instant motion under § 2255.

III.  Section 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established
> by Act of Congress claiming the right to be released upon
> the ground that the sentence was imposed in violation of the
> Constitution or laws of the United States. . .or that the
> sentence was in excess of the maximum authorized by law,
> or is otherwise subject to collateral attack, may move the
> court which imposed the sentence to vacate, set aside or
> correct the sentence."

To prevail under § 2255, petitioner must show a "fundamental defect which

inherently results in a complete miscarriage of justice."  United States v. Timmreck, 441

U.S. 780, 783 (1979) (quoting, Hill v. United States, 368 U.S. 424, 428 (1962)).  "A §

2255 motion may not be used to relitigate an issue that was raised on appeal absent

highly exceptional circumstances."  DuPont v. United States, 76 F.3d 108, 110 (6th Cir.

1996) (citations omitted)).

IV.  Ineffective Assistance of Counsel

A.

In order to succeed on a claim of ineffective assistance of counsel, Flenory must

show (1) that his counsel's performance was constitutionally deficient in that the

performance "fell below an objective standard of reasonableness under prevailing

professional norms" and (2) that he was prejudiced by his counsel's errors.  Magana v.

3

Hofbauer, 263 F.3d 542, 547 (6th Cir. 2001) (citing Strickland v. Washington, 466 U.S.

668, 687-88 (1984)).  In order to establish prejudice, Flenory must demonstrate that

"there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different."  Strickland, 466 U.S. at 694.  "The

Strickland analysis also applies to claims of ineffective assistance of counsel involving

counsel's advice offered during the plea process."  Magana, 263 F.3d at 547 (quoting,

Hill v. Lockhart, 474 U.S. 52, 58 (1985)).

B.

Flenory says his trial counsel was ineffective because he misinformed him about

whether a four-level leadership was included in the offense of continuing criminal

enterprise.  This allegation lacks merit.  Flenory has not provided any facts to support

his claim that he was misinformed.  Moreover, Flenory agreed to the guidelines

calculations at the time of his plea and made no objections to them at the time of

sentencing.  He also does not allege that the guidelines were improperly calculated, nor

does he even say that he would not have pleaded guilty had he not been misinformed.

Rather, Flenory's unsupported assertion that trial counsel "misinformed" him of

a four level leadership role included in the offense fails to establish any error by his

counsel, much less an error of Constitutional dimensions.

Flenory's claim of ineffective assistance of appellate counsel also fails.  Flenory

alleges that appellate counsel should have made an argument that "[w]hen Mistretta[3]

---

[3]It is assumed that Flenory is referring to United States v. Mistretta, 488 U.S. 361
(1989), in which the Supreme Court held that sentencing guidelines were constitutional,
amounting to neither an excessive delegation of legislative power nor a violation of
separation of powers principle.

4

was decided the Guidelines were lock-step and predictable which alleviated the argument of whether it was an unconstitutional delegation of authority." Not only is the statement confusing, he cites to no authority to support his allegation. Nothing in his reply brief illuminates this claim. As such, he has not demonstrated that this alleged failure of appellate counsel would have made any difference to the outcome in this case.

Overall, Flenory has failed to meet the Strickland standard. As the Sixth Circuit held, "defendant's plea and convictions are proper," and "no sentencing error affected Flenory's substantial rights of fairness, integrity, or public reputation of the proceedings." United States v. Flenory, No. 08-2230, slip op. at 2, 4. Flenory is not entitled to relief on his ineffective assistance of counsel claims.

## V. Santos

Flenory also says he is entitled to relief based on Santos, relating to the meaning of "proceeds" under the money laundering statute. Flenory raised this issue on appeal. The Sixth Circuit rejected it, stating it was "without factual basis, and is waived." Id. at p. 4. He cannot relitigate the issue under § 2255 and offers no exceptional circumstances which would allow him to relitigate the issue. Moreover, Flenory agreed to the guidelines range in the Rule 11 agreement and does not attempt to explain how Santos affected his guidelines range.

## VI. Conclusion

Flenory was represented by competent counsel. The 360 month sentence imposed on him was within the agreed upon guidelines range and imposed without error, as the Sixth Circuit ruled. Flenory has not demonstrated that he is entitled to

5

relief under § 2255.  The motion is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of

Flenory's claims, nor conclude that the issues deserve encouragement to proceed

further.  The Court therefore DECLINES to grant a certificate of appealability under 28

U.S.C. § 2253(c)(2).[4]  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  September 27, 2011


I hereby certify that a copy of the foregoing document was mailed to Terry Lee Flenory, 32454044, Pollock, U.S. Penitentiary, Inmate Mail/Parcels,  P.O. BOX 4050, Pollock, LA 71467 and the attorneys of record on this date, September 27, 2011, by electronic and/or ordinary mail.


S/Julie Owens
Case Manager, (313) 234-5160


---

[4]"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

6