UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                         Case No. 05-80955
                                                          Case No. 11-11022

TERRY LEE FLENORY,                        HON. AVERN COHN

    Defendant-Petitioner.

_____/

### ORDER DENYING MOTION TO REINSTATE FOR EXCUSABLE NEGLECT OR REOPEN 28 U.S.C. § 2255 (Doc. 1418)

I.

This is a motion to vacate sentence under 28 U.S.C. § 2255. In March of 2011, petitioner, proceeding <u>pro se</u>, filed a petition contending his 360 month sentence imposed on him in 2008 following his guilty plea to continuing criminal enterprise, in violation of 21 U.S.C. § 848, and conspiracy to launder money instructions, in violation of 18 U.S.C. § 1956(h), was in violation of his constitutional rights.[1]  Specifically, Petitioner argued that he was deprived of his Sixth Amendment right to counsel at the trial and appellate level and that the Supreme Court's decision in <u>United States v. Santos</u>, 128 S.Ct. 2020 (2008), holding that "proceeds" as used in the money laundering statute means "net profits" rather than "receipts" of an illegal enterprise,

---

[1] Following his conviction, Petitioner filed a direct appeal. The Court of Appeals for the Sixth Circuit affirmed his convictions and sentence. <u>United States v. Flenory</u>, No. 08-2230 (6th Cir. Jun. 17, 2009).

entitled him to relief.  On September 27, 2011, the Court denied the motion and declined to issue a certificate of appealability.  (Doc. 1368).  On October 27, 2011, Petitioner filed a motion for reconsideration.  On December 8, 2011, the Court denied the motion for lack of merit.  (Doc. 1376).  On February 8, 2012, Petitioner filed a notice of appeal from the denial of the § 2255 motion and reconsideration (Doc. 1377).  On May 22, 2012, the Sixth Circuit dismissed the appeal as untimely.  Flenory v. United States, No. 12-1196 (6th Cir. May 22, 2012).  Over a year later, on September 3, 2013, Petitioner filed instant "Motion to Reinstate for Excusable Neglect or Reopen 28 USC § 2255, which is signed and dated August 29, 2013.  From what can be gleaned, Petitioner asks the Court to reopen his
§ 2255 proceedings and reconsider its ruling denying him relief.  For the reasons that follow, the motion is DENIED.

II.

Local Rule 7.1(h) allows a party to file a motion for reconsideration.  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).  The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect.  E.D. Mich. LR 7.1(h)(3).  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain.  Witzke v. Hiller, 972 F. Supp. 426, 427 (E.D. Mich. 1997).  Moreover, a motion for reconsideration must be filed within 14 days of the judgment or order.  E.D. Mich. LR 7.1(h)(1).

Petitioner's motion is untimely.  It was filed almost two years after the Court denied his § 2255 motion and motion for reconsideration.  It was also filed after the Court of Appeals dismissed his appeal as untimely.  Moreover, nothing in the motion convinces the Court that erred in denying Petitioner relief under § 2255.

To the extent Petitioner is asking for his appeal to proceed, such a request must be made to the Court of Appeals, not this Court.

SO ORDERED.


        S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  September 11, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 11, 2013, by electronic and/or ordinary mail.

        S/Sakne Chami
Case Manager, (313) 234-5160