UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                                    Case No. 05-80955


TERRY LEE FLENORY,                                                HON. AVERN COHN

     Defendant.

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY (Doc. 1429)

I.

This is a criminal case.  Before the Court is defendant's pro se motion for return

of property.  Defendant seeks the return of multiple items of property, including real

property, jewelry, cars, and currency, which he says were seized by the government in

connection with his criminal proceedings.  The government, at the Court's direction, filed

a response.  For the reasons that follow, the motion is DENIED.

II.

In 2006, defendant was charged with continuing criminal enterprise, in violation

of 21 U.S.C. § 848, and conspiracy to launder money instructions, in violation of 18

U.S.C. § 1956(h).  Defendant was also charged with criminal forfeiture (Count 11), in

violation of 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1).

Defendant pled guilty on November 20, 2007 under a Rule 11 agreement to drug

trafficking, money laundering and criminal forfeiture  (Doc. 856).  On September 12,

2008, the Court entered a Stipulated Preliminary Order of Forfeiture (Doc. 1078) as to

assets associated with defendant.  On September 25, 2008, an amended Judgment and

Commitment Order (Doc. 1093) was entered that included at page 6 a reference to the

assets defendant agreed to forfeit.  The assets consisted of two parcels of real property,

several items of jewelry, and $270,000,000 in United States currency. Defendant did not

file a direct appeal.  Defendant later filed a motion under § 2255, which was denied.

(Doc. 1368).

III.

A.

Fed. R. Crim. P. 41(g) states as follows:

> A person aggrieved by an unlawful search and seizure of property or by the
> deprivation of property may move for the property's return. The motion must be
> filed in the district where the property was seized. The court must receive
> evidence on any factual issue necessary to decide the motion. If it grants the
> motion, the court must return the property to the movant, but may impose
> reasonable conditions to protect access to the property and its use in later
> proceedings.

Rule 41(g) is grounded in principles of equity.  Floyd v. United States, 860 F.2d 999,

1002-03 (10th Cir. 1988). "[W]hen considering a motion to return, the court must

balance the legitimate needs of the United States against the property rights of the

moving party. . . . " United States v. Popham, 382 F. Supp. 2d 942, 955-56 (E.D. Mich.

2005).  The moving party must demonstrate a proprietary interest in the property he/she

seeks to be returned.  Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir.

1982).  The burden thereafter shifts to the Government to show that it has legitimate

interest in retaining the property at issue.  United States v. Chambers, 192 F.3d 374,

377 (3d Cir. 1999).

" 'The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.' " United States v. Hess, 982 F.2d 181, 186 (6th Cir.1992) (quoting United States v. LaFatch, 565 F.2d 81, 83 (6th Cir.1977)).  Under Rule 41, " '[a] district court has both the jurisdiction and the duty to return the contested property once the government's need for it has ended.' " United States v. Bowker, 372 F.3d 365, 387 (6th Cir. 2004) (quoting Hess, 982 F.2d at 187), vacated on other grounds by 543 U.S. 1182, 125 S.Ct. 1420, 161 L.Ed.2d 181, reinstated by 125 F. App'x. 701 (2005).  "However, the person seeking return of property must show that they are lawfully entitled to possess it."  United States v. Headley, 50 F. App'x. 266, 267 (6th Cir. 2002).  See also Savoy v. United States, 604 F.3d 929, 932 (6th Cir. 2010).

"A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction. Jurisdiction under Rule 41 'is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials.' " De Almeida v. United States, 459 F.3d 377, 382 (2d Cir.2006) (citations omitted).

B.

Defendant argues that he is entitled to the return of his property because he has an ownership interest in all of the property.  The government says that defendant gave up his claim to assets seized from him or associated with him by entering into the stipulation and notes that forfeiture has been final since September 25, 2008.  The

government further says that defendant did not raise forfeiture as an issue on a direct

appeal or in his motion to vacate.

C.

The government's position is well-taken.  Defendant agreed to forfeit his property

by stipulation.  He did not challenge the forfeitures on a direct appeal or in his § 2255

motion.  As a result, he is barred from challenging forfeiture in a motion for return of

property.  See Winkelman v. United States, 494 F. App'x. 217, 220 (3d Cir 2012);

United States v. Suggs, 256 F. App'x. 804, 806 (7th Cir. 2007).  See also Federal Rule

of Criminal Procedure 32.2 (b)(4)(C).

Moreover, as explained in the government's response, the majority of the assets

identified in defendant's motion were not owned by defendant and they were either not

forfeited or were forfeited by co-defendants.  See Response (Doc. 1441) at p. 3- 10.

Overall, defendant is not entitled to the return of the property outlined in his

motion.

SO ORDERED.

s/Avern Cohn
UNITED STATES DISTRICT JUDGE


Dated:  November 26, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, November 26, 2013, by electronic and/or ordinary mail.


s/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160